# In the United States Court of Federal Claims
## Bid Protest

FILED
FEB 26 2007
U.S. COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PROTECTION STRATEGIES, INCORPORATED, | ) |
| Plaintiff, | ) 07-125-C |
| v. | ) No. 07- |
| | ) Judge |
| THE UNITED STATES, | ) |
| Defendant. | ) |

POST-AWARD PROCUREMENT PROTEST COMPLAINT

Plaintiff, Protection Strategies, Incorporated, 2300 9th Street South, Suite 503, Arlington, Virginia 22204-2387 (Protection Strategies), a Virginia corporation and a small and service-disabled veteran-owned diversified security support services business founded in 1998, now with overseas operations and personnel on the ground in Iraq and Afghanistan, as and for its Post-Award Procurement Protest Complaint against the Defendant, the United States, alleges as follows:

## INTRODUCTION

1. This is a Post-award Procurement Protest, a Civil Action alleging clear and prejudicial violations of Regulation and Statute in connection with a Federal Agency Acquisition, Solicitation Number DE-RP52-05NA99344, a small business set-aside Solicitation for Competitive Proposals which promises an Award, a single cost plus fixed-fee Contract for a base period of 36 months with 2 12-month option periods, a Federal Agency Acquisition over which this Court has jurisdiction under 28 U.S.C. § 1491(a)(1) and 28 U.S.C. § 1491(b)(1).

The Solicitation is issued by the United States Department of Energy's National Nuclear Security Administration's Service Center, South Campus-4, Kirtland Air Force Base, New Mexico (DoE). The proposed Contract requires Security System Services for the National Nuclear Security Administration's Nevada Site Office, North Las Vegas, Nevada and for the Nevada Test Site, a 1,375 square mile Federal reservation located in Nye County, Nevada.

This Civil Action is brought to obtain a Declaration that the Award of the Contract proposed by Solicitation Number DE-RP52-05NA99344 to PAI Corporation, 116 Milan Way, Oak Ridge, Tennessee 37830-6913 (PAI) lacks a rational basis

and is unreasonable or irrational, and thus arbitrary and capricious because: (1) PAI promised Key Personnel that PAI never intended to provide; (2) DoE ignored evidence that should have made it aware of PAI's misrepresentations; and (3) DoE's rating of PAI's past performances is grossly overstated. This Civil Action seeks also Declarations: (1) that by reason of PAI's misrepresentations, PAI be determined to be ineligible for Award of any Contract proposed by Solicitation Number DE-RP52-05NA99344; and (2) that through DoE's indifference after Contract Award to PAI's failure to deliver promised Key Personnel, DoE has tainted the process by which the Contract was awarded.

This Civil Action seeks further a Permanent Injunction ordering: (a) that the Contract awarded to PAI be terminated; and (b) that the Solicitation be re-opened, that Offerors already determined to be within the competitive range be given an opportunity to submit revised Competitive Proposals, and thereafter that a proper Award is to be made from these revised Competitive Proposals.

As well, this Civil Action seeks money damages and equitable relief for Defendant's breach of the implied-in-fact Contract to consider Protection Strategies' Competitive Proposal fairly, honestly, and in good faith.

## NATURE OF THE ACTION

2. Protection Strategies here challenges the Award of the Contract proposed by Solicitation Number DE-RP52-05NA99344 to PAI on or about December 6th, 2006. This Award was made on the basis of supposed "best value" because PAI's Competitive Proposal was not the highest technically-rated. The total price (estimated costs plus fixed-fee over a term of 60 months) of this Contract is $22,088,411.

Protection Strategies seeks a Declaration that the Award lacks a rational basis and is arbitrary and capricious in violation of applicable procurement Regulations and Statutes and a Declaration that PAI is ineligible to compete for any Contract proposed by the Solicitation.

Protection Strategies seeks a Permanent Injunction ordering that the Contract awarded to PAI be terminated.

Protection Strategies seeks also a Permanent Injunction ordering that Solicitation Number DE-RP52-05NA99344 be re-opened, that Offerors already determined to be in the competitive range be given an opportunity to submit revised Competitive Proposals, and that thereafter a proper Award is to be made from these revised Competitive Proposals.

3. Protection Strategies seeks a proper review of this Acquisition on the contemporaneous record, 5 U.S.C. § 706(2)(A), and meaningful relief for clear and prejudicial procurement process errors and clear errors of judgment.

Such a review will demonstrate that this Award violates Federal Acquisition Regulation 15.308 because there has not been a proper comparative assessment of the Competitive Proposals against the Source Selection Criteria set out in the Solicitation; that this Award violates 41 U.S.C. § 253b(d)(3) because this Award is not made to the Competitive Proposal "most advantageous to the United States" considering "the factors included in the solicitation;" and that this Award violates 41 U.S.C. § 253b(d)(3) because this Award is not made to a "responsible source" just as that term is defined in 41 U.S.C. § 259(c)(5) and 41 U.S.C. § 403(7)(E).

This Award lacks a rational basis because this Award is not made to a responsible contractor, and so this Award is made in violation of Regulation and Statute. There is no reasoned judgment that can support this Award which is made on a "best value" basis to an ineligible Contractor. DoE has thus breached the implied-in-fact Contract to treat Protection Strategies' Competitive Proposal fairly.

4. Protection Strategies, a responsible contractor, a small and service-disabled veteran-owned business, and an actual Offeror whose revised Competitive Proposal is in the competitive range and in a position to receive Award of the proposed Contract, is an appropriate "interested party" under 28 U.S.C. § 1491(b)(1), and Protection Strategies has a direct economic interest in the outcome of this Post-Award Procurement Protest. *Impreza Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1334 (Fed. Cir. 2001). Protection Strategies is a proper party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(2)(B)(ii), i.e., Protection Strategies is a private party and a corporation which at the time this Post-Award Procurement Protest is filed has not more than 500 employees and whose net worth does not exceed $7,000,000.

This Post-Award Procurement Protest is timely filed. Protection Strategies received on December 6th, 2006 written notice of this Award to PAI. On January 30th, 2007 Protection Strategies received an oral debriefing provided in accordance with 41 U.S.C. § 253b(e)(1).

DoE is an Executive Department. 42 U.S.C. § 7131. DoE has the authority to enter into and administer Contracts. 42 U.S.C. § 7256(a). DoE is an "agency" just as

that term is defined in 28 U.S.C. § 451, and thus DoE is also a "Federal agency" as is required by 28 U.S.C. § 1491(b)(1). *Hewlett-Packard Co. v. United States*, 41 Fed. Cl. 99, 103 (1998).

DoE's violations of procurement Regulation and Statute have had a direct and prejudicial effect on Protection Strategies. Protection Strategies has been denied a proper evaluation of its Competitive Proposal, Protection Strategies has been denied a proper "best value" determination, and Protection Strategies has not received a reasoned judgment that can support the Award to PAI. As a result of DoE's breach of the implied-in-fact Contract of good faith, fair dealing, and honest consideration, Protection Strategies is wasting proposal preparation costs. Ultimately, Protection Strategies is being unfairly denied the opportunity to compete, on the announced evaluation criteria, for the Award of the Contract proposed by Solicitation Number DE-RP52-05NA99344.

## FACTUAL ALLEGATIONS

### SOLICITATION NUMBER DE-RP52-05NA99344

5. Solicitation Number DE-RP52-05NA99344 was issued on April 18th, 2005. This Acquisition is set-aside for small businesses and seeks Competitive Proposals

for Security System Services for the National Nuclear Security Administration's Nevada Site Office and for the Nevada Test Site.

The Contract proposed by Solicitation Number DE-RP52-05NA99344 requires support services in 8 major areas: (1) perform Vulnerability Assessments, (2) provide Operational Security Support, (3) prepare Site Safeguards and Security Plans, (4) provide Security Classification Administrative Support, (5) provide physical fitness training for the guard force, (6) provide Classified Matter staffing and administrative support, (7) operate the pass and badging system; and (8) deliver other security support services including providing an Intranet Website, providing security briefings and preparing security education and awareness media, maintaining and updating security education and training records, and performing Safeguards and Security professional training for personnel at the Nevada Site Office and for the Nevada Test Site.

The proposed Contract is new. Support services are currently being provided by a large business security support services Contractor for the Nevada Test Site. Support services are to be delivered from DoE-furnished facilities at the Nevada Site Office and at the Nevada Test Site. DoE will furnish computers, communications

equipment, vehicles, office supplies, and office services. DoE will also furnish administrative office space.

DoE estimates that the full-time services of 33 people are required: a Program Manager; 3 people to perform Vulnerability Assessments; 9 people to provide Operational Security Support, to research, develop, draft and prepare local classification guides, to staff and maintain the Classified Matter Control Center vault-type room, and to deliver other security support; 3 people to support preparation and annual review/revision of the Site Safeguards and Security Plan; 12 people to provide physical fitness training for the guard force; and 5 people to operate the pass and badging systems and to maintain and update the Automated Access Control System database.

6. Offerors are required to identify 4 specific Key Persons: a Program Manager, a Vulnerability Assessments Manager, an Operational Security Manager, and a Site Safeguards and Security Plan Manager. These specific Key Personnel are to be delivered upon Contract Award, and they are to perform support services onsite.

All these Key Personnel (and some other support services personnel as well) are to hold current DoE "Q" security clearances. The DoE "Q" security clearance is equivalent to a Department of Defense "Top Secret" clearance.

The proposed Program Manager is "considered significantly more important and will be given more weight in the evaluation than any other key personnel."

Offerors are to demonstrate each proposed Key Person's availability and commitment to accept employment in the position proposed at an agreed-upon salary and benefits package, this with resumes and signed and dated letters of commitment. Offerors are also to describe their "plan for retaining proposed Key Personnel."

DoE says that it will evaluate proposed Key Personnel on "their qualifications, currency and relevancy of experience, attainment of advanced degrees in related disciplines, and demonstrated technical expertise, in the specific positions for which they are proposed." "Currency and relevancy of experience is significantly more important than education."

7. Offerors are to submit a Technical Proposal of no more than 60 pages. There Offerors are to explain their technical approach, and DoE will consider whether this technical approach demonstrates a "thorough understanding of any technical risks and their impact associated with performance of the contract, as well as the Offeror's approach for minimizing those risks." The Technical Proposal will be evaluated by DoE for an "Offeror's ability to provide a highly trained professional nucleus of em-

ployees who possess the necessary skills and flexibility . . . ." And the Technical Proposal will be evaluated by DoE for the "extent and strength of the Offeror's corporate experience in performing all aspects of the" Statement of Work.

8. Offerors are to submit past performance information for contracts completed or in process during the last 5 years where the work is or was relevant to the Statement of Work. Contracts listed as past performances "may include federal, state, and local Government and commercial customers."

9. Stated evaluation criteria are Key Personnel, Technical Capability, Past Performance, and Cost. Key Personnel, Technical Capability, and Past Performance are adjectively rated. Key Personnel, Technical Capability, and Past Performance are significantly more important than Cost. In descending order of importance the evaluation criteria are Key Personnel, Technical Capability, Past Performance, and Cost.

10. The due date for initial Competitive Proposals was July 7th, 2005. A Competitive Range was established more than a year later, on September 22nd, 2006. Revised Competitive Proposals were received on October 6th, 2006. DoE issued additional discussion questions on November 2nd, 2006 and Final Proposal revisions were received on November 9th, 2006.

PROTECTION STRATEGIES' PROPOSAL

11. Protection Strategies has provided Site Safeguards and Security Plans, Vulnerability Assessments, and Operational Security Support to DoE and Protection Strategies explained so in its initial Competitive Proposal of July 7th, 2005. Protection Strategies holds DoE "Q" and Department of Defense "Top Secret" facility clearances. All Protection Strategies technical personnel hold a DoE "Q" and/or a Department of Defense "Top Secret" security clearance. All Protection Strategies technical personnel have prior military and/or law enforcement backgrounds. Protection Strategies has past performances for DoE, for the United States Department of State, for the Department of Defense, and for the Intelligence Community.

12. In March 2006 Protection Strategies re-wrote the existing Site Safeguards and Security Plan for the Nevada Site Office, and this using new DoE Standards. As well, in June 2006 Protection Strategies completed a baseline Vulnerability Assessment for the Nevada Test Site Device Assembly Facility, and Protection Strategies completed a preliminary Vulnerability Assessment for the programmed Critical Experiment Facility. Protection Strategies was tasked to provide these Security Support Services because of the delay in Award of the Contract proposed by Solicitation Number DE-

RP52-05NA99344. All of this Protection Strategies explained in its Revised Competitive Proposal of October 6th, 2006.

PAI'S PROPOSAL

13. PAI has no past performances as a prime Contractor delivering Security System Services to DoE.

CONTRACT AWARD

14. On December 6th, 2006 Protection Strategies was notified by the National Nuclear Security Administration's Service Center that PAI had been awarded the Contract proposed by Solicitation Number DE-RP52-05NA99344, and this at an evaluated price of $22,088,411. While Protection Strategies had received an "Excellent" technical rating, a "Significant Strength" for its proposed Program Manager, a "Strength" for its proposed Vulnerability Assessments Manger, a "Strength" for its proposed Operational Security Manager, and a "Strength" for its proposed Site Safeguards and Security Plan Manager, Protection Strategies' Competitive Proposal was not much more highly rated than the PAI Competitive Proposal.

15. In her Source Selection Statement, the Source Selection Authority at the National Nuclear Security Administration's Service Center explains that she "could not

find one Offeror as clearly standing above another Offeror," and that she concluded that the Offerors' "technical proposals are essentially equivalent." Thus she found that PAI's Competitive Proposal "represents the best value to the Government."

PAI'S CONTRACT PERFORMANCE

16. PAI has not delivered any one of the Key Persons identified in PAI's Competitive Proposal. PAI found a replacement Program Manager after Contract Award and he assumed his position some 2 weeks after Contract start-up. PAI has announced that it may take up to a year before PAI can deliver a Vulnerability Assessments Manager.

PAI has initiated an inventory of accountable documents; however, this inventory has not been completed. Until this inventory has been completed and custody of the accountable documents transferred to PAI, the initial survey of the Contract as required by DoE Directives cannot be conducted. Additionally, the incumbent large business security support services Contractor for the Nevada Test Site must be surveyed to assure all functions and classified material has been properly accounted-for and transferred to PAI.

Because of a lack of PAI personnel who are DoE "Q" cleared and qualified, PAI has been unable to assume responsibility for management and oversight of the Vulnerability Assessments Laboratory.

### FIRST CLAIM FOR RELIEF

17. Protection Strategies herewith incorporates and re-alleges paragraphs numbers 1. through 16. hereinabove as if fully set forth herein.

18. PAI proposed Key Personnel that PAI never intended to provide onsite.

### SECOND CLAIM FOR RELIEF

19. Protection Strategies herewith incorporates and re-alleges paragraphs numbers 1. through 16. hereinabove as if fully set forth herein.

20. DoE ignored evidence that should have made it aware of PAI's misrepresentations.

### THIRD CLAIM FOR RELIEF

21. Protection Strategies herewith incorporates and re-alleges paragraphs numbers 1. through 16. hereinabove as if fully set forth herein.

22. DoE's rating of PAI's past performances is grossly overstated when compared to DoE's rating of Protection Strategies' past performances.

FOURTH CLAIM FOR RELIEF

23. Protection Strategies herewith incorporates and re-alleges paragraphs numbers 1. through 16. hereinabove as if fully set forth herein.

24. The Contract proposed by Solicitation Number DE-RP52-05NA99344 that has been awarded to PAI violates 41 U.S.C. § 253b(d)(3) because the Award is not made to a "responsible contractor" just as that term is defined in 41 U.S.C. § 259-(c)(5) and 41 U.S.C. § 403(7)(E).

FIFTH CLAIM FOR RELIEF

25. Protection Strategies herewith incorporates and re-alleges paragraphs numbers 1. through 16. hereinabove as if fully set forth herein.

26. The Contract proposed by Solicitation Number DE-RP52-05NA99344 that has been awarded to PAI violates 41 U.S.C. § 253b(d)(3) because the Award is not made to the Competitive Proposal "most advantageous to the United States" considering "the factors included in the solicitation."

SIXTH CLAIM FOR RELIEF

27. Protection Strategies herewith incorporates and re-alleges paragraphs numbers 1. through 16. hereinabove as if fully set forth herein.

28. Through DoE's indifference after Contract Award to PAI's failure to deliver promised Key Personnel, DoE has failed to obtain the full and open competition required by 41 U.S.C. § 253(a)(1)(A), this because DoE has tainted the process by which the Contract was awarded. *Planning Research Corp. v. United States*, 971 F.2d 736, 740-41 (Fed. Cir. 1992).

### SEVENTH CLAIM FOR RELIEF

29. Protection Strategies herewith incorporates and re-alleges paragraphs numbers 1. through 16. hereinabove as if fully set forth herein.

30. DoE did not equally assess and rate the past performances of PAI in comparison with DoE's rating of the past performances of Protection Strategies.

31. A fundamental precept of Federal Agency procurement is that Offers must be evaluated equally; an Agency may not unreasonably reach conclusions about one Competitive Proposal while, at the same time, the Agency fails to thoroughly and critically evaluate a competing Competitive Proposal; and an Agency may not apply a double standard, reading one Competitive Proposal expansively and resolving doubt in favor of that Offeror, while, at the same time, reading another Competitive Proposal on an exacting standard, requiring an affirmative representation

within the four corners of each section of that Competitive Proposal. *PGBA, LLC v. United States*, 60 Fed. Cl. 196, 207 (2004), *aff'd*, 389 F.3d 1219 (Fed. Cir. 2004) ("[U]neven treatment goes against the standard of equality and fair-play that is a necessary underpinning of the federal government's procurement process and amounts to an abuse of discretion.").

EIGHTH CLAIM FOR RELIEF

32. Protection Strategies herewith incorporates and re-alleges paragraphs numbers 1. through 16. hereinabove as if fully set forth herein.

33. DoE has breached the implied-in-fact Contract of good faith, fair dealing, and honest consideration that DoE entered into with Protection Strategies when the Competition under Solicitation Number DE-RP52-05NA99344 commenced.

PRAYER FOR RELIEF

WHEREFORE, premises considered, Protection Strategies respectfully requests the Court to grant Judgment for Protection Strategies in this Civil Action, and to Order the following relief:

1. a Declaration that the Award to PAI of the Contract proposed by Solicitation Number DE-RP52-05NA99344 lacks a rational basis and is unreasonable or irrational, and thus arbitrary and capricious; and

2. a Declaration that PAI is ineligible for any Award of the Contract proposed by Solicitation Number DE-RP52-05NA99344; and

3. a Permanent Injunction ordering: (a) that the Contract awarded to PAI be terminated; and (b) that the Solicitation be re-opened, that Offerors already within the competitive range be given an opportunity to submit revised Competitive Proposals, and thereafter that a proper Award is to be made from these revised Competitive Proposals; and

4. a Declaration that Protection Strategies is entitled to equitable relief, and money damages, for DoE's breach of the implied-in-fact Contract of good faith, fair dealing, and honest consideration that DoE's National Nuclear Security Administration's Service Center entered into with Protection Strategies when the Competition under Solicitation Number DE-RP52-05NA99344 commenced; and

5. such further and other relief as the Court may deem just and proper.

Respectfully submitted,

Cyrus E. Phillips, IV
District of Columbia Bar Number 456500,
Virginia State Bar Number 03135

February 26th, 2007

1828 L Street, N.W., Suite 660
Washington, D.C. 20036-5112

| | |
|---|---|
| Telephone: | (202) 466-7008 |
| Facsimile: | (202) 466-7009 |
| Electronic Mail: | lawyer@procurement-lawyer.com |

Attorney of record for Plaintiff,
Protection Strategies, Incorporated.