**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| **PROTECTION STRATEGIES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 07-125C** |
| **v.** | ) | **(Judge Sweeney)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION FOR RECONSIDERATION**
**AND OBJECTION TO THE COURT'S MARCH 15, 2007 ORDER**

Defendant respectfully objects, and urges the Court to reconsider, its March 15, 2007 Order, in which the Court stated that it would not consider the declarations of Kevin Klingenberg and Dr. Doan L. Phung and "strongly recommended" that the "parties" produce Mr. Klingenberg, Dr. Phung and Keith Hedman on March 16, 2007 at 2 pm. First, not considering the declarations of Mr. Klingenberg and Dr. Phung if they are unavailable to testify on less than twenty four hours notice would not give "due regard to the interests of national defense and national security" as required by 28 U.S.C. § 1491(b)(3). Second, further supplementation of the administrative record is inappropriate because: (1) any "gaps" in the administrative record regarding whether PAI Corporation ("PAI") negligently or intentionally misrepresented Mr. Klingenberg's availability have been filled by Mr. Klingenberg and Dr. Phung's declarations; and (2) plaintiff, Protection Strategies, Incorporated ("PSI") has not advanced a prima facie case of "bait and switch" that would justify supplementing the record to address these frivolous allegations. Third, this Court's Order requiring the "parties" to produce Mr. Klingenberg and Dr. Phung is inappropriate because Mr. Klingenberg and Dr. Phung are not "parties" to the case.

Even if the Government could compel Mr. Klingenberg and Dr. Phung to testify, it is not reasonable for the Government to seek their testimony on less than 24 hours notice.

Furthermore, we object to the request that Keith Hedman testify because his declaration demonstrates that his testimony will only consist of inadmissible hearsay and we respectfully request that the Court exclude his testimony. Finally, even if the Court overrules our objections with regard to the testimony of Mr. Klingenberg, Dr. Phung and Mr. Hedman testifying, we respectfully request that this Court enforce its March 1, 2007 Order and decline to hear from any other witness whose name was not submitted to the Court's judicial assistant by March 9, 2007.

ARGUMENT

I. By Disregarding Mr. Klingenberg And Dr. Phung's Declarations, If They Are Unavailable To Testify On Less Than One Day's Notice, This Court Is Not Giving Due Regard To National Security As Required By Statute

This Court is required to give "due regard to the interests of national defense and national security" in deciding whether to grant injunctive relief in a bid protest. 28 U.S.C. § 1491(b)(3). In our response to PSI's motion for a preliminary injunction, we demonstrated that granting a preliminary injunction stopping PAI from performing its security system services contract at the Nevada Test Site ("NTS") and Nevada Site Office would have severe adverse effects upon security at the NTS. Gov't Resp. Br. at 17-19 (citing Bodin Decl. ¶¶ 12-15[1]). As explained in our response brief, classified tests are conducted at the NTS with special nuclear material, which

[1] We assume that the Court's March 15, 2007 Order means that the Court will refuse to consider only the declarations of Messrs. Klingenberg and Hedman and Dr. Phung. If the Order is intended to encompass the declaration of Patricia M. Bodin, without specifically requesting her presence at the March 16, 2007 hearing, then we respectfully request the Court to specifically reconsider that portion of the Order because it would be contrary to the statutory requirement that the Court give due regard to national security interests.

is essentially plutonium and certain forms of uranium that can be used to create nuclear weapons. See 42 U.S.C. §§ 2014(aa), 2701. To shut down PAI's security system services would either require shutting down the whole NTS or risking a security breach. Bodin Decl. ¶¶ 12-14.

Should the Court not consider Mr. Klingenberg and/or Dr. Phung's sworn declarations, and grant PSI's motion for a preliminary injunction, in part, on the ground that Mr. Klingenberg and/or Dr. Phung were unavailable to testify at a live hearing on less than 24 hours notice, that could result in a critical nuclear defense facility being shut down or risking a security breach. We respectfully request that the Court give "due regard to the interests of national defense and national security," and credit Mr. Klingenberg, Dr. Phung and Ms. Bodin's declarations, and deny PSI's motion for a preliminary injunction.

## II. Further Supplementation Of The Record Is Inappropriate Because The Court Can Review The Agency Action Based On The Record Before It

Judicial review of the agency's actions in bid protest cases is not a de novo proceeding; rather, the scope of the review is limited to the administrative record. The proper standard of review is whether the agency action was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 28 U.S.C. § 1491(b)(1), (4); 5 U.S.C. § 706(2)(A); Impresa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324, 1332 (Fed. Cir. 2001). In determining whether the agency's action was arbitrary or capricious, the scope of the Court's review is very limited. Cincom Systems, Inc. v. United States, 37 Fed. Cl. 663, 671 (1997). The proper focus of this Court's scrutiny is the agency's articulated rationale for the decision, and the administrative record underlying it. Camp v. Pitts, 411 U.S. 138, 142-43 (1973).

"[E]xceptions to the general rule against extra-record evidence are based upon necessity, rather than convenience, and should be triggered only where the omission of extra-record evidence precludes effective judicial review." Murakami v. United States, 46 Fed. Cl. 731, 735 (2000). Here, we recognize that, because PSI is alleging that PAI engaged in an improper "bait and switch," where the awardee's state of mind, rather than the agency's actual decision making is at issue, Consolidated Eng'g Serv., Inc. v. United States, 64 Fed. Cl. 617, 633 (2005), supplementation is appropriate for the limited purpose of filling in gaps in the administrative record to show that, every time PAI submitted a proposal revision, PAI reasonably expected Mr. Klingenberg to become the Program Manager, in the event PAI won the contract. Therefore, we moved to supplement the record with Mr. Klingenberg and Dr. Phung's declarations explaining Mr. Klingenberg's involvement and commitment to the proposal. Gov't Resp. Br. p. 5 n.2, Attachments 2-3.

However, now that evidentiary gaps for this peculiar case have been filled with regard to the issue of whether PAI misrepresented Mr. Klingenberg's availability, no additional extra-record evidence is either warranted or appropriate. Indeed, it is a "rare" situation where live testimony can be taken in a bid protest. Bannum, Inc. v. United States, 56 Fed. Cl. 543, 545 n.2 (2003); see also Gulf Group Inc. v. United States, 61 Fed. Cl. 338, 350 (2004) (in bid protest cases, "APA review is usually based on a paper record, not live testimony"). Here, since Mr. Klingenberg and Dr. Phung's declarations are sufficient to supplement the record on the issue of whether PAI misrepresented Mr. Klingenberg's availability, no live testimony is required.

III. Further Supplementation Of The Record Is Also Inappropriate Because Plaintiff Has Not Presented Any Admissible Evidence To Establish A Bait And Switch

To prove that PAI misrepresented Mr. Klingenberg's availability, PSI presented a declaration from Keith Hedman, PSI's President and CEO, stating that Mr. Klingenberg had told Mr. Hedman that Dr. Phung had released Mr. Klingenberg from his letter of commitment. As explained in our motion to strike, filed on March 14, 2007, Mr. Hedman's declaration is plainly inadmissible hearsay, PSI has not provided any exception to the hearsay rule and we are aware of none, which would allow the Court to properly consider this inadmissible evidence.

This inadmissible evidence is the only support for PSI's allegation that PAI intentionally misrepresented Mr. Klingenberg's availability to be Program Manager. In Impresa, 238 F.3d at 1340-41, the Federal Circuit noted that discovery is "not lightly to be ordered and should not be ordered unless record evidence raises serious questions as to the rationality of the" decision. Here, no admissible record evidence raises any such claim. PSI bears a "heavy burden" of proof to show that there was an impropriety in the procurement. Id. at 1332 (the disappointed bidder "bears a heavy burden," and the procurement officer is "entitled to exercise discretion upon a broad range of issues confronting [her].""). Because PSI has not presented any admissible evidence to prove a negligent or intentional misrepresentation by PAI, it has not met its heavy burden and its motion for a preliminary injunction should be denied.

Notwithstanding PSI's reliance upon the naked inadmissible hearsay testimony of Mr. Hedman, the Government submitted Mr. Klingenberg and Dr. Phung's declarations as rebuttal evidence. Those admissible declarations now make clear in the properly supplemented administrative record before the Court, that Dr. Phung did not release Mr. Klingenberg from his commitment to be project manager if PAI won the award. Klingenberg Decl. ¶ 4-5, Phung Decl.

¶ 3. Therefore, no further testimony is warranted on that subject by Messrs. Klingenberg or Hedman or Dr. Phung.

## IV. The "Parties" Cannot Reasonably "Produce" Mr. Klingenberg And Dr. Phung With Less Than 24 Hours Notice

In its March 15, 2007 Order, the Court stated that it would not consider the declarations of Mr. Klingenberg and Dr. Phung in lieu of live testimony and "strongly recommend[ed] that the parties produce" Mr. Klingenberg and Dr. Phung for live testimony at 2 p.m. EDT on March 16, 2007. This is an extraordinary recommendation. Dr. Phung and Mr. Klingenberg are neither parties to this suit, nor employees of parties to this suit. Dr. Phung is the President of PAI and Mr. Klingenberg is an employee of Wackenhut Services, Inc. ("Wackenhut"). PAI has yet to intervene in this suit and Wackenhut has no reason to be involved in this suit. Perhaps Mr. Hedman, PSI's president, can be "produced" by PSI, however, neither the Government, nor PSI, are able to "produce" Dr. Phung or Mr. Klingenberg, without extraordinary measures.

Although the parties could conceivably subpoena Mr. Klingenberg or Dr. Phung to appear, Rule 45(c)(3)(A)(1) of the Rules of the Court of Federal Claims ("RCFC") requires that the person be given "reasonable time for compliance." Twenty-four hours is not reasonable time in this situation. Cf. Clough Marketing Services, Inc. v. Main Line Corp., Civil Action No. 1:07-CV-0173-RLV, 2007 WL 496739, at *2 (N.D. Ga. ) (citing Fed. R. Civ. P. 45(c)(3)(A)(1)) ("Because the plaintiff's [document] subpoena allowed the defendants only one day to comply, it did not allow a reasonable time for compliance."). One day's notice is not reasonable because Mr. Klingenberg and Dr. Phung need to either travel from the Pacific time zone or make

arrangements for video conferencing.[2] Furthermore, we are unsure if video conferencing can be made available, a subpoena may violate RCFC 45(c)(3)(A)(2), which requires that a subpoena may be quashed or modified if it requires the witness to travel more than 100 miles from his home or work.

We urge the Court to reconsider requesting a party to produce two non-party witnesses for live testimony on less than twenty-four hours notice when such testimony should be unnecessary because the Court has been provided a complete administrative record, including with signed declarations, under penalty of perjury, from both witnesses, upon which it can make its decision.

## V. Mr. Hedman Should Not Be Allowed To Testify Because His Testimony Will Likely Be Entirely Inadmissible Hearsay

As noted in Section III, above, and page 4 of our March 14, 2007 motion to strike, Mr. Hedman's declaration is entirely hearsay. It relates solely to a conversation between Mr. Hedman and Mr. Klingenberg and is presented for the truth of Mr. Klingenberg's statements. We can expect that any live testimony by Mr. Hedman will be the same. Therefore, we respectfully request that PSI not be permitted to supplement the administrative record with Mr. Hedman's live testimony because, like his declaration, it will consist of entirely inadmissible hearsay.

[2] We have been informed that Mr. Klingenberg will be on a plane on the West Coast tomorrow at 2 p.m. EDT and, thus, is unavailable. We have also been informed that Dr. Phung is attempting to arrange his participation by video conference.

VI. No Witness Other Than Those Identified Pursuant To This Court's March 1, 2007 Order Should Be Permitted To Testify

Even if this Court were to reject all of our arguments above, and allow Messrs. Klingenberg and Hedman and Dr. Phung to present live testimony at the March 16, 2007 hearing, it should not allow anyone else to testify at the hearing because that would violate this Court's March 1, 2007 Order and be prejudicial to the Government. On page 2 of its March 1, 2007 Order, the Court directed the parties to call the Court's judicial assistant by March 9, 2007 with the names of anyone testifying at the March 16, 2007 preliminary injunction hearing. To the best of the Government's knowledge, PSI did not designate anyone to testify by March 9, 2007. To allow anyone else, such as Bruce H. Rogers,[3] Howard Lee Day, Brian A. Gladstone or Robert Leonard to testify would prejudice the Government and violate this Court's March 1, 2007 Order.

Also, to allow any of these people to testify would be prejudicial to the Government since it had such limited time to prepare for Mr. Hedman and Dr. Phung's testimony. It is not reasonable to expect the Government to prepare for other witnesses in such a short period of time. Furthermore, as explained in detail on pages 3-5 of our motion to strike, the entirety of the five declarations submitted by these four people are irrelevant, add nothing to the record and one of Mr. Rogers' declarations is mostly inadmissible hearsay. We can expect that their testimony

[3] After the March 15, 2007 Order was issued, counsel for PSI informed Government counsel that he expects Mr. Rogers to testify at the hearing.

will be the same. Therefore, the Court should not permit PSI to supplement the administrative record with the live testimony of Messrs. Rogers, Day, Gladstone and/or Leonard.

## CONCLUSION

For the foregoing reasons, we respectfully request the Court to reconsider its March 15, 2007 Order and to accept and consider the declarations of Mr. Klingenberg and Dr. Phung (and Ms. Bodin) without additional live testimony. Also, we also respectfully request that the Court grant our pending motion to strike and not allow PSI to supplement the record with live testimony of Messrs. Hedman, Rogers, Day, Gladstone and/or Leonard.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Harold D. Lester, Jr.
by Donald E. Kinner
HAROLD D. LESTER, JR.
Assistant Director

OF COUNSEL:
Don W. Crockett
Office of General Counsel
U.S. Department Of Energy
1000 Independence Ave., SW
Washington, D.C. 20585

/s/ William P. Rayel
WILLIAM P. RAYEL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Tel. (202) 616-0302
Fax. (202) 307-0972

March 16, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 16th day of March, 2007, a copy of the foregoing "DEFENDANT'S OBJECTION TO THE COURT'S MARCH 15, 2007 ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ William P. Rayel